# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 13** |
| **KELVIN YOUK-SEE,** ) | **Case No. 09-22468-JNF** |
| ) | |
| Debtor. ) | |

## MOTION FOR ENTRY OF ORDER AUTHORIZING THE EXAMINATION OF AND REQUIRING THE PRODUCTION OF DOCUMENTS BY BAC HOME LOANS SERVICING LP f/k/a COUNTRYWIDE HOME LOANS PURSUANT TO FED. R. BANKR. P. 2004

William K. Harrington, the United States trustee for Region One (the "U.S. Trustee"), by and through undersigned counsel, hereby moves, pursuant to Fed. R. Bankr. P. 2004 for the entry of an order:

(a) Authorizing the issuance of a subpoena *duces tecum* compelling BAC Home Loans Servicing LP ("BAC") to produce and permit inspection and copying of those documents identified in Exhibit A attached hereto; and

(b) Compelling the Creditor to appear for an examination, to be recorded verbatim by stenographic means, through one or more duly authorized representatives most familiar with the documents identified in Exhibit A and the averments set forth below with regard to the Debtor's case at the time and place notified below.

**PRODUCTION OF DOCUMENTS:**

**Date:** March 25, 2011

**Time:** No later than 12:00 P.M.

**Place:** The Office of the U.S. Trustee

Attn: Jennifer L. Hertz, Esq.

John W. McCormack Post Office & Courthouse

5 Post Office Square, Ste. 1000

Boston, MA 02109

**APPEARANCE FOR EXAMINATION**

**Date:** April 14, 2011

**Time:** 10:00 A.M. (Eastern)

**Place:** The Office of the U.S. Trustee

John W. McCormack Post Office & Courthouse

5 Post Office Square, Ste. 1000

Boston, MA 02109

### A. Background

1. On December 28, 2009, Kelvin Youk-See (the "Debtor") filed a voluntary petition for relief under chapter 13.

2. On the same date, the Debtor filed, *inter alia*, his Schedules, Statements, Form 22C and chapter 13 plan with the Court. The Debtor's Schedule D indicated that BAC Home Loans Servicing held a first mortgage against the property located at 395 Washington Street, Somerville, Massachusetts (the "Property") of $342,804.00 with an unsecured portion of $31,944.00.

3. On January 9, 2010, the Debtor filed his chapter 13 plan. The Debtor's plan provided for arrearages to BAC in the amount of $9,000 for the Property.

4. On April 29, 2010, the Debtor filed an Amended Plan which provided for arrears in the amount of $13,501.60 to BAC. The Amended Plan included language under Section V "Other

Provisions" that the Debtor would "file a Motion for Determination of Value and to Declare the First Mortgage Undersecured as it Pertains to the Property at 395 Washington Street, Somerville, MA 02143.  In addition…an Order reducing the amount of the principal balance due to BAC Home Loans Servicing, LP to $250,000…"[1]

5. On June 1, 2010, BAC filed an Objection to the confirmation of the Debtor's Amended Plan; specifically regarding the language under Section V "Other Provisions" that pertained to their mortgage claim.  BAC states that the pre-petition arrearage was "$13,501.60 and that the total amount due under the Mortgage as of the date of the filing was $356,305.80."

6. On July 12, 2010, after the Court had granted BAC's objection and ordered the Debtor to file an Amended Plan, the Debtor filed a motion to reconsider the order granting the objection by BAC and his "Motion to Determine Value and Declare the First Mortgage Undersecured…"  The hearing on said matter what continued to October 7, 2010.

## B.    Loan Modification Issues

7. Prior to the hearing, the Debtor filed an emergency motion to approve a loan modification agreement on the Property which was granted on October 7, 2010 accompanied by an Order for the Debtor to file an Amended Plan and Schedule J with in 30 days.

8. The Debtor withdrew his July 12, 2010 motion to reconsider and his July 12, 2010 motion to determine value on October 6, 2010.

9. On November 5, 2010, the Debtor filed an emergency motion to extend the time to file an amended plan and amended J, which was granted by the Court on November 10, 2010 to December 28, 2010.

---

[1] BAC's proof of claim was filed in the Debtor's wife's bankruptcy case, case number 09-20873.

10. On December 28, 2010 the Debtor filed his Amended Plan and Amended Schedule J.

11. On January 21, 2011, over three months after the Court Granted his emergency motion to approve the loan modification, the Debtor filed a motion for an order requiring BAC to provide him with a copy of the loan modification signed by BAC. *See,* Docket No. 80.  The Debtor's motion avers that he had not been able to obtain a signed copy of the loan modification despite Debtor's counsel sending copies of the Court's order approving the loan modification "to several different departments at BAC as well as to BAC's attorney." *Id.*  In addition, the Debtor's motion also alleges that BAC was sending statements reflecting the pre-modification mortgage payment notwithstanding that the loan modification had been affirmatively approved. *Id.*

12. Upon information and belief, the Debtor was finally provided a copy of the signed loan modification on or about January 26, 2011.

### C.    Standing of United States Trustee

13. The U. S. Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the U.S. Trustee standing under Section 307 of the Bankruptcy Code to raise and be heard on any issue under Title 11, except that the U.S. Trustee may not file a reorganization plan under chapter 11.  *See* 11 U.S.C. § 307.  *See also United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994); *In re Glados, Inc.*, 83 F.3d 1360, 1361 n.1 (11th Cir. 1996); *In re Donovan Corp.*, 215 F.3d 929, 930 (9th Cir. 2000); *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991); *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990); *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990); *Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007).  Indeed, the U.S. Trustee is not required to demonstrate any concrete, particularized injury under Section 307 of the Bankruptcy Code to assert standing. *See United Artist Theater Co. v.*

*Walton*, 315 F.3d 217, 225 (3d Cir. 2003).  Rather, the U.S. Trustee may take such actions he deems necessary under Section 307 of the Bankruptcy Code to protect the public interest in the enforcement of federal bankruptcy law.  *See Clark*, 927 F.2d at 796; *Plaza de Diego*, 911 F.2d at 824.

14. Moreover, Section 586 of Title 28 contains additional authority for the U.S. Trustee, among other things: (a) to supervise the administration of cases under Title 11 and take such actions as the U.S. Trustee deems necessary to prevent undue delay; and (b) perform such other duties consistent with Titles 11 and 28 as the Attorney General may prescribe.  *See* 28 U.S.C. §§ 586(a)(3)(G) and 586(a)(5).  Even absent the congressional grant of standing to the U.S. Trustee under Section 307 of the Bankruptcy Code, the U.S. Trustee has standing to act where its actions advance the U.S. Trustee's interest in the administration of bankruptcy proceedings.  *See A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

### D.  Examination Under Fed. R. Bankr. P. 2004

15. Examination is the traditional means of discovery in bankruptcy.  *See* Fed. R. Bankr. P. 2004.  The procedures for examination are set forth under Fed. R. Bankr. P. 2004.  Rule 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor.  Courts that have analyzed Bankruptcy Rule 2004 have recognized that the permitted scope of the examination is extremely broad.  *See, e.g.*, *In re N. Plaza L.L.C.*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) ("It is well established that the scope of a Rule 2004 examination is exceptionally broad."); *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)); *Martin v. Schaap Moving Sys., Inc.*, 153 F.3d 919, 1998 WL 405966, at *2 (5th Cir. 1998) (unpublished table decision).

16. Frequently on a request to examine, no hearing is held unless an entity contesting the examination files a motion to quash or seeks a protective order. Once such a motion is filed, however, the burden shifts to the party seeking an examination to show "good cause" for the examination to proceed. *See In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). The movant must show "'some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice.'" *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D. Ill. 1989) (citing *In re Wilcher*, 56 B.R. at 434-35 ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered")). *See also In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (same); and *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond*, 140 B.R. at 201. Upon a showing of good cause, the party opposing an examination must make a showing that the discovery is oppressive or burdensome. *See id.*

    **E.**    <u>**Good Cause Exists to Examine BAC**</u>

17. Questions have arisen regarding BAC's loan modification procedures. In particular, in this case, upon information and belief, BAC caused the Debtor unnecessary and prejudicial delay and attorneys' fees in his endeavor to simply obtain a signed copy of loan modification documents. Meanwhile, notwithstanding that the loan modification was approved, upon information and belief, BAC continued to send the Debtor mortgage statements reflecting the pre-modified amount. It

appears that BAC caused the Debtor to face unexplained delays, including extended periods of time with no communication from BAC after the Debtor provided all necessary documentation.

18. In addition, it is unclear why the Debtor continued to receive mortgage statements reflecting a pre-modified amount after his loan modification was approved and after this Court entered an order approving same. There are investigations in the Western Division of Texas where BAC has consistently tried to collect the pre-modification mortgage payment. In the Central District of California, there are investigations by the United States Trustee's Office into cases where BAC entered into a loan modification, but failed to honor it by not reflecting the modified figures in their proofs of claim. These issues directly relate to administration of this bankruptcy estate and the integrity of the bankruptcy system.

19. The U.S. Trustee seeks to ascertain whether the conduct of BAC deviated from the standards established by the bankruptcy code, and/or whether its particular actions threatened an abuse of the bankruptcy system or its procedures.  28 U.S.C. § 528(3)(G); 11 U.S.C. § 307; and *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1996) (Congress intended the United States Trustee to be an enforcer of bankruptcy laws).

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an Order authorizing the issuance of a subpoena *duces tecum*:

A. Compelling BAC to produce the documents described in Exhibit A;

B. Compelling BAC to appear for an examination at the date, time and location set forth herein, to answer any and all questions regarding the documents described in Exhibit A and the facts alleged herein; and

C. Granting such other and further relief as this court deems just and proper.

                Respectfully submitted,

Date: February 10, 2011         WILLIAM K. HARRINGTON
                United States Trustee, Region One

By:   */s/ Jennifer L. Hertz*
      Jennifer L. Hertz, BBO 645081
      Trial Attorney
      John W. McCormack Post Office & Courthouse
      5 Post Office Square, Ste. 1000
      Boston, MA 02109
      (617) 788-0412
      Email: Jennifer.L.Hertz@usdoj.gov

# **EXHIBIT A**

## **INSTRUCTIONS**

A. **The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.**

B. Any defined term with or without capitalization or quotation marks used herein shall be regarded as a defined term for purposes of Exhibit A.

C. Each of the requests in Exhibit A is for Documents in Your possession, custody or control whether or not prepared, authored, or executed by You.

D. Each Document is to be produced as it is kept in the usual course of business and shall be organized and labeled to correspond with each paragraph in Exhibit A, below.

E. Do not produce privileged Documents. Instead, if any Documents are withheld under a claim of privilege, furnish a list describing each document for which privilege is claimed, together with the following information:

1. Author and job title;
2. Name and job title of each recipient and person to whom a copy was furnished;
3. Date of the Document;
4. Basis on which privilege is claimed; and
5. The specific request under Exhibit A to which each such document is responsive.

F. If any Document has been destroyed, discarded, or is otherwise no longer in existence please state:

1. Author;
2. Date of the Document;
3. Subject matter of the Document;
4. The date it was destroyed, discarded, or discovered to no longer to be in existence; and
5. The reason it was destroyed, discarded, or is no longer in existence.

G. You should supplement or amend your responses to these requests if additional Documents covered hereby are obtained or discovered.

H. **Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.**

I.  **In producing Documents You are requested to produce the original of each Document requested together with all nonidentical copies and drafts of that Document.**

## DEFINITIONS

"**Debtor**" means and refers to the debtor, Kelvin Youk-See, in Chapter 13 Case No. 09-22468-JNF.

"**Document**" or "**Documents**" means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "**Document**" or "**Documents**" includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, Communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheet or things similar to any of the foregoing however denominated. The term "**Document**" or "**Documents**" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a documents if the person has a right to secure the document or a copy thereof.

"**And**" **and** "**or**" **as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.**

"**Any**" **means one or more.**

"**Describe**," "**discuss**," "**analyze**," "**describing**," "**discussion**," **or** "**analyzing**," **mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.**

"**Person**" **means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.**

**Property means the property located at 395 Washington Street, Somerville, Massachusetts.**

**"Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.**

**"You" or "Your" or BAC means BAC Home Loans Servicing LP and its officers, employees, agents, representatives, accountants, attorneys and/or other representatives, as well as any and all other Persons acting directly or indirectly on BAC Home Loans Servicing LP's behalf.**

**"Year" means calendar year.**

**DOCUMENT REQUESTS**

A.    All Documents which relate to the Debtor and the Debtor's loan modification on the Property.

B.    All Documents reflecting communications to or from the Debtor or his attorney.

C.    All Documents which reflect BAC's loan modification procedures, including documents which indicate the process to obtain a signed loan modification, which were in place relative to the Debtor and the Property.

D.    All Documents which set forth BAC's payment procedures for loans for which a modification has been approved, including the procedure for processing mortgage statements related to modified loans, relative to the Debtor and the Property.

E.    All Documents which reflect the "internal procedures" which are followed as set forth in BAC's response [Docket No. 89] to the Debtor's motion requesting a signed copy of the loan modification.

# **CERTIFICATE OF SERVICE**

       The undersigned certifies that on February 10, 2011, true and correct copies of the foregoing Motion were served upon the individuals listed below in the form and manner indicated via email or the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing

                          Respectfully submitted,
                          WILLIAM K. HARRINGTON

                          United States Trustee

By:   */s/ Jennifer L. Hertz*
        Jennifer L. Hertz BBO#645081
        United States Department of Justice
        John W. McCormack Post Office and Courthouse
        5 Post Office Square, Suite 1000
        Boston, MA 02109
        PHONE:   (617) 788-0412
        FAX:       (617) 565-6368
        Jennifer.L.Hertz@usdoj.gov

**By Email**

BAC Home Loans Servicing, LP
Locke Lord Bissell & Liddell LLP
Attn: Thomas A. Connop
Email: tconnop@lockelord.com

BAC Home Loans Servicing, LP
King & Spalding LLP
Attn: Drew Hruska
Email: AHruska@kslaw.com

**By the U.S. Bankruptcy Court's CM/ECF filing system**

Geraldine T. Kluska
Law Offices of Geraldine Kluska
230 Monsignor O'Brien Hwy.
Cambridge, MA 02141
Email: email@kluskalaw.com

Joseph G. Butler
Barron & Stadfeld
100 Cambridge Street
Suite 1310
Boston, MA 02114

Jeanna K. Reinbold
Email: jreinbold@acdlaw.com; iveloz@acdlaw.com; kholmes@acdlaw.com

Thomas C. Tretter
Email: ttretter@acdlaw.com; iveloz@acdlaw.com; kholmes@acdlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 13** |
| **KELVIN YOUK-SEE,** | ) | **Case No. 09-22468-JNF** |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING UNITED STATES TRUSTEE'S**
**MOTION FOR ENTRY OF ORDER AUTHORIZING THE EXAMINATION OF AND**
**REQUIRING THE PRODUCTION OF DOCUMENTS BY BAC HOME LOANS**
**SERVICING LP f/k/a COUNTRYWIDE HOME LOANS**
<u>**PURSUANT TO FED. R. BANKR. P. 2004**</u>

The United States Trustee having filed a motion seeking authority for issuance of a subpoena *duces tecum* compelling BAC Home Loans Servicing LP to produce certain documents and to submit a designated representative to an examination pursuant to Federal Rules of Bankruptcy Procedure 2004 and the court having found sufficient cause to grant the requested relief, it is:

ORDERED that the United States Trustee' Motion for Entry of Order Authorizing the Examination of and Requiring the Production of Documents by BAC Home Loans Servicing LP pursuant to Fed. R. Bankr. P. 2004 is hereby GRANTED; and it is

FURTHER ORDERED that the United States Trustee is authorized to issue a subpoena compelling:

BAC Home Loans Servicing LP to produce to the United States Trustee, each and every document described and requested in Exhibit A attached to the motion on or before 10:00 a.m. o'clock p.m., on March 25, 2011 to The Office of the U.S. Trustee, John W. McCormack Post Office & Courthouse, 5 Post Office Square, Ste. 1000, Boston, MA 02109; and

BAC Home Loans Servicing LP to appear and give testimony by and through one or more

designated corporate representatives with the most knowledge of the documents and issues enumerated the motion April 14, 2011 at 10:00 a.m., at The Office of the U.S. Trustee at the address set forth above, or at such other or later time as agreed to by and between the parties.

                                                                     _____
Hon. Joan N. Feeney
United States Bankruptcy Judge

Dated: _____